UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABENICIO F. C.[1],<br><br>        Plaintiff<br><br>    v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 24-6481-MWF (JC)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the complaint, Plaintiff's Motion for Summary Judgment ("Motion"; Docket No. 10), Defendant's Brief (Docket No. 17), the Report and Recommendation of United State Magistrate Judge ("Report"; Docket No. 23), Plaintiff's Objections to the Report ("Objections"; Docket No. 24), the relevant portions of the Administrative Record ("AR"), and other relevant records on file.

The Court has engaged in a de novo review of the portion of the Report to which Plaintiff has objected. Although not required, the Court briefly discusses the

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1  following points.  *See United States v. Ramos*, 65 F.4th 427, 434 (9th Cir. 2023)
2  ("the district court ha[s] no obligation to provide individualized analysis of each
3  objection"); *Wang v. Masaitis*, 416 F.3d 992, 1000 (9th Cir. 2005) (affirming a
4  cursory district court order summarily adopting, without addressing any objections,
5  a magistrate judge's report and recommendation).

6       Plaintiff objects to the Report's conclusion regarding the Administrative Law
7  Judge ("ALJ")'s partial discounting of his subjective complaints, focusing on the
8  Report's analysis of only his daily activities.  (Docket No. 24 at 2-5).
9  Acknowledging that he repeats his argument from his Motion, Plaintiff alleges the
10 ALJ failed to mention certain aspects of his daily activities and the evidence, and
11 offers a different interpretation of the record.  (*Id.*).  However, "in interpreting the
12 evidence and developing the record, the ALJ does not need to 'discuss every piece
13 of evidence.'"  *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir.
14 2003) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)).  Additionally, as
15 noted in the Report (Docket No. 23 at 3), "[i]f the evidence can support either
16 affirming or reversing the ALJ's conclusion, [the reviewing court] may not
17 substitute our judgment for that of the ALJ."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d
18 880, 882 (9th Cir. 2006).

19      More importantly, the ALJ relied upon, and the Report discussed in detail, at
20 least three other reasons for partially discounting Plaintiff's subjective testimony,
21 specifically finding it inconsistent with:  (1) the objective medical evidence (Docket
22 No. 23 at 13-19); (2) Plaintiff's effective treatment (*id.* at 19-21); and (3) the ALJ's
23 personal observations of Plaintiff during the hearing (*id.* at 22-23).  Thus, even if the
24 Court were to find Plaintiff's daily activities were improperly assessed—which it
25 does not for the reasons stated in the Report (*id.* at 21-22)—Plaintiff has not
26 provided any basis for objection to the other three reasons his testimony was
27 discounted.  *See Reyes v. Berryhill*, 716 F. App'x 714, 714 (9th Cir. 2018) (where
28 ALJ provided valid reasons for discounting claimant's testimony, "[a]ny error in

1  other reasons provided by the ALJ was harmless"); *Williams v. Comm'r, Soc. Sec.*
2  *Admin.*, No. 6:16-CV-01543-MC, 2018 WL 1709505, at *3 (D. Or. Apr. 9, 2018)
3  ("Because the ALJ is only required to provide a single valid reason for rejecting a
4  claimant's pain complaints, any one of the ALJ's reasons would be sufficient to
5  affirm the overall . . . determination.").

6        In particular, the latter reason is entitled to deference because the ALJ was
7  able to observe Plaintiff and hear his testimony firsthand at the hearing. (AR 25);
8  *see Khan v. Saul*, 855 F. App'x 343, 346 (9th Cir. 2021) (affirming denial of
9  benefits in part based on ALJ's notation of claimant's "focused demeanor at the
10 hearing as undermining the symptom testimony"); *Tonapetyan v. Halter*, 242 F.3d
11 1144, 1148 (9th Cir. 2001) (while an ALJ may not rely on her own observations of
12 the claimant at the hearing "as the sole reason for rejecting the claimant's
13 complaints," the ALJ may use "ordinary techniques of credibility evaluation,"
14 including her observations of the claimant's presentation at the hearing, to evaluate
15 subjective allegations); *Alkana v. Berryhill*, No. CV 17-5743-JPR, 2018 WL
16 3546281, at *8-9 (C.D. Cal. July 19, 2018) (ALJ properly discounted claimant's
17 testimony based on his observation that she "did not show any difficulty in focusing
18 or concentrating when providing answers to questions or volunteering information[ ]
19 at the hearing."). Notably, in addition to not specifically objecting to that portion of
20 the Report, as Defendant pointed out Plaintiff also did not discuss it in the
21 underlying briefing before this Court. (Docket No. 10; Docket No. 17 at 13; Docket
22 No. 24); s*ee Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (claimant
23 waived issues not raised before the district court); *Owens v. Colvin*, No. CV 13-
24 7794-AJW, 2014 WL 5602884, at *4 (C.D. Cal. Nov. 4, 2014) (claimant's failure to
25 discuss, or even acknowledge, ALJ's reliance on certain reasons waived any
26 challenge to those aspects of ALJ's finding).

27       The Objections are therefore **OVERRULED**.
28 ///

3

Accordingly, **IT IS HEREBY ORDERED**:

1. The Report is **ACCEPTED** (Docket No. 23);
2. The Motion is **DENIED** (Docket No. 10);
3. The Commissioner's denial of benefits is **AFFIRMED**;
4. Judgment is to be **ENTERED** accordingly; and
5. The Clerk of the Court serve this Order and the Judgment on all counsel or parties of record.

Dated:  October 17, 2025

MICHAEL W. FITZGERALD
United States District Judge